No. 22-15916

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

**DZ RESERVE AND CAIN MAXWELL, DBA MAX MARTIALIS,**

*Plaintiffs - Appellees.*

v.

**META PLATFORMS, INC, FKA FACEBOOK, INC.,**

*Defendant - Appellant.*

On Appeal from the United States District Court
for the Northern District of California, Case No. 3:18-cv-04978-JD
The Honorable James Donato

**MOTION FOR LEAVE TO FILE REPLY IN SUPPORT
OF PETITION FOR PANEL REHEARING AND REHEARING EN BANC
OF APPELLANT META PLATFORMS, INC.**

Melanie M. Blunschi
Nicholas Rosellini
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111

Samir Deger-Sen
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020

Andrew B. Clubok
Susan E. Engel
Margaret A. Upshaw
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
(202) 637-2200
andrew.clubok@lw.com

July 26, 2024

*Counsel for Appellant Meta Platforms, Inc.*

# MOTION

Pursuant to Federal Rule of Appellate Procedure 27 and Ninth Circuit Rule 27-1, Defendant Meta Platforms, Inc. ("Meta") respectfully requests leave to file the Reply in Support of Petition for Panel Rehearing and Rehearing En Banc, attached hereto at Exhibit 1.

1. On May 3, 2024, Meta petitioned for panel rehearing and rehearing en banc on the basis that the panel majority's decision adopts an unprecedented and erroneous standard for the Rule 23(b)(3) predominance requirement in class actions alleging fraud, creating a conflict with other courts of appeals. *See* ECF No. 96. Shortly thereafter, amicus curiae Chamber of Commerce of the United States of America filed a brief in support of Meta's petition, arguing that the majority's dilution of the predominance requirement upsets settled principles of class action law and dramatically lowers the bar for certification of fraud classes in this Circuit. *See* ECF No. 97.

2. On May 30, 2024, the Court directed Plaintiffs to file a response to the petition. *See* ECF No. 99. This Court subsequently granted Plaintiffs' unopposed motion for an extension of time within which to file their response, to and including July 19, 2024. *See* ECF Nos. 100, 101.

3. On July 19, 2024, Plaintiffs filed their response to the petition. ECF No. 102.

4. Meta respectfully submits that a short reply to Plaintiffs' response is necessary to correct various misstatements by Plaintiffs as to the significance of the majority's decision and to clarify the far-reaching consequences of that decision for the adjudication of fraud class actions. Plaintiffs assert that this Court has applied the majority's "common course of conduct" test for "decades," *id.* at 14, yet Plaintiffs rely on cases involving Rule 23(a)'s distinct, and less demanding, commonality requirement. Furthermore, Plaintiffs downplay the ramifications of the "common course of conduct" standard, *see id.* at 15, but they fail to explain how that standard imposes any meaningful limits on the certification of fraud classes. And they attempt to minimize the conflicts between the majority opinion and the decisions of sister circuits. *See id.* at 18-21. A reply will assist the Court in understanding the expansive nature of the decision below.

5. Meta seeks to file a reply not to exceed 2,100 words, which is half of the word limit for a petition for rehearing and rehearing en banc. *See* Circuit Rule 40-1(a); *see also* Fed. R. App. P. 27(d)(2)(A), (C). This Court commonly grants leave for petitioners to file such replies. *See, e.g.*, *Huntsman v. Corp. of the President*, No. 21-56056 (9th Cir. Nov. 30, 2023), ECF No. 98; *Owino v. CoreCivic, Inc.*, No. 21-55221 (9th Cir. Aug. 29, 2022), ECF No. 54; *ERISA Indus. Comm. v. City of Seattle*, No. 20-35472 (9th Cir. July 26, 2021), ECF No. 66.

6. Counsel for Meta conferred with Plaintiffs' counsel about the relief requested in this motion, and Plaintiffs stated that they could not take a position on the motion before reviewing the reply brief.

## CONCLUSION

For the reasons set forth above, the Court should grant leave to file the attached Reply in Support of Petition for Panel Rehearing and Rehearing En Banc.

Dated: July 26, 2024  Respectfully submitted,

|  |  |
|---|---|
|  | */s/ Andrew B. Clubok* |
| Melanie M. Blunschi | Andrew B. Clubok |
| Nicholas Rosellini | Susan E. Engel |
| LATHAM & WATKINS LLP | Margaret A. Upshaw |
| 505 Montgomery Street, Suite 2000 | LATHAM & WATKINS LLP |
| San Francisco, CA 94111 | 555 Eleventh Street, NW, Suite 1000 |
|  | Washington, DC 20004 |
| Samir Deger-Sen | (202) 637-2200 |
| LATHAM & WATKINS LLP | andrew.clubok@lw.com |
| 1271 Avenue of the Americas |  |
| New York, NY 10020 |  |

*Counsel for Appellant Meta Platforms, Inc.*